An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NELSON RAMOS,
Appellant,
vs.
MGM GRAND HOTEL, LLC D/B/A MGM
GRAND HOTEL/CASINO,
Respondents.

No. 59882

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Nelson Ramos experienced an industrial injury in 2010 while working within the course and scope of his employment for respondent MGM Grand Hotel, LLC. Ramos received a medical evaluation and treatment for his injury from Dr. Cesar Estela, who concluded that Ramos had reached "maximum medical improvement" and discharged Ramos from his care with no ratable impairment. Thereafter, Ramos requested a permanent partial disability (PPD) evaluation under NRS 616C.490(2). MGM denied his request. At a hearing before the appeals officer, Ramos argued that upon MGM's denial of his request for a PPD evaluation, NRS 616C.100 permitted him to seek a PPD evaluation through the Nevada Department of Business and Industry, Division of Industrial Relations (DIR), which he did. DIR randomly selected Dr. Jason Lovaas to perform the PPD evaluation and found Ramos to have a whole person impairment of five percent to his cervical spine. Approximately three years prior to Ramos's 2010 injury, he submitted a claim for a previous industrial injury that resulted in a PPD evaluation

13-21716

and a finding of a five-percent whole person impairment to his cervical spine. At that time, the examining doctor concluded that Ramos had reached "maximum medical improvement" and was stable and ratable with no basis for apportionment.

In this appeal, we are asked to determine whether the appeals officer was correct in his determination that MGM properly denied Ramos's request for an impairment award despite Dr. Lovaas's finding of a whole person impairment of five percent to his cervical spine.

"This court, like the district court, reviews an appeals officer's decision for clear error or abuse of discretion." *Dickinson v. Am. Med. Response*, 124 Nev. 460, 465, 186 P.3d 878, 882 (2008). Although an appeals officer's legal determinations are reviewed de novo, "the appeals officer's fact-based legal conclusions are entitled to deference and will not be disturbed if they are supported by substantial evidence," which is "evidence that a reasonable person could accept as adequately supporting a conclusion." *Id.* at 465-66, 186 P.3d at 882.

Pursuant to NRS 616C.490(2), MGM is required to schedule a PPD evaluation only if Ramos's treating physician concluded that Ramos "may have suffered a permanent disability and [was] stable and ratable." Because Ramos's treating physician discharged him with a finding of no ratable impairment, we conclude that MGM was not statutorily required to conduct a PPD evaluation under NRS 616C.490(2). Thus, Ramos's statutory right to request a PPD evaluation under NRS 616C.100 never arose and Dr. Lovaas's PPD evaluation was not warranted. *See* NRS 616C.100(1) ("If an injured employee disagrees with the percentage of disability determined by a physician . . . , the injured employee may obtain a *second* determination of the percentage of disability.") (Emphasis added.)

Accordingly, the appeals officer did not abuse his discretion by upholding MGM's denial of Ramos's request for a PPD evaluation.

Therefore, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerry A. Wiese, District Judge
Persi J. Mishel, Settlement Judge
Greenman Goldberg Raby & Martinez
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk